FILED
CLERK, U.S. DISTRICT COURT
JUL 29 2026
CENTRAL DISTRICT OF CALIFORNIA
BY AF DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
SERGIO MARQUEZ,
Defendant.

Case No. CR 26-460-MWF
ORDER OF DETENTION

I.

On July 29, 2026, Defendant Sergio Marquez made his initial appearance on the indictment filed in this case. Deputy Federal Public Defender Taylor Gee was appointed to represent Defendant. The government was represented by student extern, Michele Perbellini, supervised by Assistant U.S. Attorney Lloyd Masson. A detention hearing was held.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving any felony that is not otherwise a crime of violence that

involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the arguments presented by counsel and the report and recommendation prepared by United States Probation and Pretrial Services.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ history of law enforcement contacts for failures to appear, probation and parole violations, obstruction and evading officers.

☒ subject to protection order issued in July 2024

☒ on active probation since 3-28-25 for a term ending 3-28-27

As to danger to the community:

☒ allegations in indictment include felon in possession of four firearms with a lengthy criminal history of felony convictions for burglary, assault, and felon in possession

☒ subject to protection order issued in July 2024

☒ firearms found at residence were not secured, minor child was present

☒ arresting officers were required to force entry to execute search warrant as Defendant refused to open the door to law enforcement.

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: July 29, 2026

/s/

ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE